CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 17 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY JOHNSON, | |
| Petitioner, | Civil Action No. 7:04-CV-00697 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Anthony Johnson brings this petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Johnson challenges his convictions for receiving, possessing, concealing, storing, bartering, selling, and disposing of approximately 37 stolen firearms and for possession of a firearm by a convicted felon. Johnson claims his counsel provided ineffective assistance by failing to file an appeal. The matter is before the court on the Respondent's motion to dismiss. The court finds that Johnson's petition is untimely and, therefore, grants the respondent's motion.

### I.

A jury found Johnson guilty of receiving, possessing, concealing, storing, bartering, selling, and disposing of approximately 37 stolen firearms and of possession of a firearm by a convicted felon. The court entered judgment on Johnson's conviction on September 13, 2002, and sentenced Johnson to 100 months incarceration. Johnson did not directly appeal his convictions or his sentence; therefore, his conviction became final on September 27, 2002.[1] On

---

[1] See Fed. R. App. P. 4(b) (giving defendant ten days from entry of judgment to file a notice of appeal); U.S. v. Clay, 537 U.S. 522 (2003) (holding that a conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires, (b) when the defendant's opportunity to file a petition for a writ of certiorari expires, or (c) when the United States Supreme Court denies the inmate's petition for a writ of certiorari).

November 9, 2004, Johnson delivered his § 2255 petition to prison officials for mailing.² The court advised Johnson that his petition appeared untimely and afforded him an opportunity to amend his petition. Johnson responded that his attorney's failure to file a direct appeal had prevented him from timely filing his petition.

**II.**

An inmate must file his § 2255 petition within one year, and, in Johnson's case, that one-year clock began to run on September 27, 2002, the date his conviction became final.³ Therefore, Johnson had until September 27, 2003, to file his petition. Having filed his petition on November 9, 2004, Johnson missed the deadline by over one year, meaning that his petition is barred unless he demonstrates to the court some grounds for equitable tolling of the one-year clock. The Fourth Circuit has explained that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d

---

²Johnson failed to date his § 2255 petition  Because the envelope received by the court was postmarked November 9, 2004, the court construes that postmark date to be the date when Johnson placed his petition into the prison mailing system.

³Under § 2255, the one-year clock begins to run on the latest date from the following list: "1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitituion or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."
   Here, Johnson has alleged nothing to support the court's use of 2, 3, or 4 from the list above, so the court deems the clock to have begun running on the date Johnson's right to directly appeal expired and his conviction became final, September 27, 2002. See supra n1.

325, 330 (4th Cir. 2000)). Johnson cursorily claims that his attorney's failure to file a direct appeal prevented him from timely filing his § 2255 petition; however, he has not shown how that alleged error could have prevented him from meeting the federal habeas deadline. Thus, the court dismisses Johnson's petition as untimely.

### III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This __17th__ day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

3